Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARION WITHERSPOON, )<br><br>    Plaintiff )<br><br>    v. )<br><br>PRESSLER& PRESSLER, LLP, )<br><br>    Defendant ) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

MARION WITHERSPOON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PRESSLER& PRESSLER, LLP ("Defendants"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

-1-

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conduct its businesses and have offices in the State of New Jersey and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6.    Plaintiff is a natural person residing in Somerset, New Jersey, 08875.

7.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.    Defendant PRESSLER & PRESSLER, LLP is a debt collection company with corporate headquarters located at 7 Entin Road, Parsippany, New Jersey 07054.

9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

11.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the

FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.   The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection

practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.     Beginning in or around 2009 and continuing until May of 2010, Defendant and its employees engaged in debt collection activities seeking payment from Plaintiff.

18.     Defendant and its employees harassed Plaintiff by making continuous calls to her home telephone number.

19.     Plaintiff received telephone calls from Defendant from the following phone number (973) 753-5100 and (516) 222-7929. The undersigned has confirmed that the number belongs to Defendant.

20.     Defendant placed repeated calls to Plaintiff's telephone almost every day, causing Plaintiff to receive, at times, more than two (2) collection calls a day and at times, more than four  (4) collection calls a day.

21.     Defendant placed repeated calls to Plaintiff's telephone almost every day, causing Plaintiff to receive, at times, more than ten (10) collection calls a week and at times.

22.     Defendant has contacted Plaintiff several times before 8:00 o'clock in the morning.

23.     During these communications Defendant's representatives have misrepresented the nature of the debt they are collecting, indicating they are collecting on behalf of the original creditor, when in fact they were collecting on behalf of a debt collector, New Century Financial.

24.     Defendant has also contacted third parties divulging personal information about Plaintiff and this alleged debt without Plaintiff's permission.

25.     Defendant called Plaintiff's apartment complex and spoke with a maintenance employee, divulging information about Plaintiff's alleged debt; subsequently the maintenance employee shared with other tenants in Plaintiff's apartment complex information he had learned from Defendant regarding the alleged debt, causing great embarrassment and discomfort to Plaintiff who still resides at the apartment complex.

26.     Defendant also contacted former employers of Plaintiff's, including UMDNJ and Social Services, to discuss the alleged debt, causing humiliation and embarrassment to Plaintiff.

27.     Defendant's actions in attempting to collect the alleged debt from Plaintiff were harassing, abusive and highly deceptive.

### CONSTRUCTION OF APPLICABLE LAW

28.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

PLAINTIFF'S COMPLAINT

29.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

30.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**

**DEFENDANT VIOLATED THE FAIR DEBT**

**COLLECTION PRACTICES ACT**

31.     In its actions to collect a disputed debt, Defendants violated the FDCPA in one or more of the following ways:

a.   Defendant violated of the FDCPA generally;

b.   Defendant violated § 1692b(2) of the FDCPA by stating to a third person that Plaintiff owed a debt to another person;

c.   Defendant violated § 1692c(a)(1) of the FDCPA by communicating with Plaintiff at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

d.   Defendant violated § 1692c(b) of the FDCPA by communicating with a third party about a debt alleged to be owed by Plaintiff without Plaintiff's prior consent;

e.   Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

f.   Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

g.   Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

h.   Defendant violated § 1692e(10) of the FDCPA by using false representations

- 7 -

or deceptive means to collect or attempt to collect a debt;

i. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

j. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, MARION WITHERSPOON, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARION WITHERSPOON, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

1

2                                         RESPECTFULLY SUBMITTED,

3       DATED: 03/25/11                    KIMMEL & SILVERMAN, P.C..

4                                          By: /s/ Amy L. Bennecoff

5
                                           Amy L. Bennecoff
6                                          Attorney ID # AB 0891
                                           Kimmel & Silverman, P.C
7                                          1930 E. Marlton Pike, Suite Q29
                                           Cherry Hill, New Jersey 08003
8                                          Phone: (856) 429-8334
                                           Facsimile (856) 216-7344
9                                          Email: abennecoff@creditlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 9 -

PLAINTIFF'S COMPLAINT